Richard M. WRIGHT and Lynea
Wright, Appellants,

v.

INTERNATIONAL HARVESTER
COMPANY, a Delaware
Corporation, Appellee.

No. 83–2297.

United States Court of Appeals,
Eighth Circuit.

Submitted May 24, 1984.

Decided June 20, 1984.

William Starr, Kenneth J. Ketterhagen, William Starr & Associates, Minneapolis, Minn., and Clair R. Gerry, Stuart & Gerry, Sioux Falls, S.D., for appellants.

Andrew R. Kislik, George W. Soule, Gray, Plant, Mooty, Mooty & Bennett, Minneapolis, Minn., and Gary J. Pashby, Boyce, Murphy, McDowell, Greenfield, Sioux Falls, S.D., for appellee.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Richard M. Wright brought this products liability action in United States District Court for the District of South Dakota against International Harvester. Wright sought to recover damages for injuries sustained while he was using an International Harvester (IH) McCormick Model 46 Hay Baler. The complaint was filed in district court on October 28, 1982. Federal jurisdiction is based on diversity of citizenship and amount in controversy.

On June 20, 1983, IH moved for summary judgment on the ground that the suit was barred by S.D. CODIFIED LAWS ANN. § 15–2–12.1 (1978), which imposes a six-year time limit on products liability actions. Wright opposed the motion, claiming that S.D. CODIFIED LAWS ANN. § 15–2–12.1 was unconstitutional. The district court granted summary judgment for

IH on August 30, 1983. Wright appeals, seeking reversal of the summary judgment, or in the alternative, he asks this court to remand the case to the district court with instructions to certify the question to the South Dakota Supreme Court. Subsequent to the filing of the instant appeal, the South Dakota Supreme Court held S.D. CODIFIED LAWS ANN. § 15–2–12.1 (1978) unconstitutional. *Daugaard v. Baltic Cooperative Building Supply Ass'n.*, 349 N.W.2d 419, at 427 (S.D.1984). Accordingly, we remand this action to the district court for further proceedings in light of the *Daugaard* case.