**SALEM SCHOOL DISTRICT 43–3,**
Plaintiff and Appellant,

v.

**PUETZ CONSTRUCTION, INC.,**
Defendant,

and

**Wendell C. Fritzel, Jean R. Kroeger, Edward L. Griffin, Milton L. Berg, Billy R. Beck, dba Fritzel, Kroeger, Griffin & Berg, Partnership, and United Pacific Insurance Company, Defendants and Appellees.**

No. 14339.

Supreme Court of South Dakota.

Argued May 21, 1984.

Decided Aug. 8, 1984.

See also S.D., 347 N.W.2d 594.

T.R. Pardy of Mumford, Protsch & Pardy, Howard, and Roger G. Gerlach, Salem, for plaintiff and appellant.

Michael L. Luce of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendants and appellees architects.

John F. Cogley of Morgan, Fuller, Theeler & Cogley, Mitchell, for defendant Puetz Const. Co. and defendant and appellee United Pacific Ins. Co.

BERNDT, Circuit Judge.

A breach of contract action was commenced by Salem School District 43–3 (School) against Puetz Construction, Inc. (Contractor) with service of summons and complaint on December 5, 1978. School seeks damages resulting from a leaking roof on a new school addition constructed by Contractor. Contractor commenced a third-party action against Wendell C. Fritzel, Jean R. Kroeger, Edward L. Griffin, Milton L. Berg and Billy R. Beck, d/b/a Fritzel, Kroeger, Griffin & Berg (Architects) with service on April 25, 1979.

By amended complaint dated May 15, 1981, alleging breach of contract, breach of warranty and negligence, School also added Architects as defendants, and sued United Pacific Insurance Company (Bondsman) under its performance bond obligations.

School moved to amend its amended complaint on May 31, 1983, to allege that Architects were acting in a fiduciary capacity and were guilty of fraudulent concealment, which motion was denied by the trial court.

Bondsman brought a motion for summary judgment, dated March 25, 1983, upon the grounds that School's causes of action against them were barred by SDCL 15–2–9 [1] and by the contractual limitations set forth in the performance bond.[2]

Architects brought a motion for summary judgment dated April 5, 1983, upon the grounds that the building was substantially completed on November 4, 1974, but that School had brought no direct action against Architects until service of the amended complaint on or about May 16, 1981. They argued that they are protected by the six-year statute of limitations under SDCL 15–2–9.

After finding that the new construction was completed in November, 1974, and that the statute of limitations set forth in SDCL 15–2–9 applied, the trial court granted Architects' motion for summary judgment. The trial court also found that final payment was due January 3, 1975, and granted Bondsman's motion for summary judgment on the basis that suit, under the bond, had not been instituted before the expiration of

---

1. SDCL 15–2–9 provides:

No action to recover damages for any injury to real or personal property, for personal injury or death arising out of any deficiency in the design, planning, supervision, inspection and observation of construction, or construction, of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, may be brought against any person performing or furnishing the design, planning, supervision, inspection and observation of construction, or construction, of such an improvement more than six years after substantial completion of such construction. Date of substantial completion shall be determined by the date when construction is sufficiently completed so that the owner or his representative can occupy or use the improvement for the use it was intended.

2. "Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due."

two years from the date on which final payment fell due.

### Applicable Issues Presented

1. Is SDCL 15-2-9 constitutional?
2. Were defendants entitled to a summary judgment?
3. Did the court abuse its discretion in not allowing School to amend its complaint to allege fraudulent concealment on behalf of Architects?

On May 2, 1984, this court filed its opinion in the case of *Daugaard v. Baltic Co-op. Bldg. Supply Ass'n.*, 349 N.W.2d 419 (S.D.1984). This case overruled *McMacken v. State*, 320 N.W.2d 131 (S.D.1982), and *Mitchell Sch. Dist. No. 17-2 v. Welfl Const.*, 329 N.W.2d 138 (S.D.1983), and held SDCL 15-2-9 unconstitutional.

The court below properly followed the prior decisions; however, in light of *Daugaard, supra,* the summary judgment in favor of Architects must be vacated. SDCL 15-2-13(1) would apply and allows commencement of civil actions of this nature within six years after the cause of action shall have accrued. When this cause of action accrued is a genuine question of material fact.

School entered a written agreement with Contractor in September, 1973, to construct an addition to the high school in Salem, South Dakota. Architects had been retained by written agreement in February, 1973, to plan, design and supervise construction. Bondsman provided the performance bond in September, 1973, which contained the two-year clause (see Footnote 2).

The roof on the new addition was warranted for twenty years. The roof was installed upside-down and leaked extensively. A new replacement roof was installed pursuant to specifications. The replacement roof was given a final inspection approximately March 9, 1976. It, too, leaks when the rains come.

School steadfastly maintains that the new construction was not completed until the roof had been replaced and that the replaced roof leaks because of faulty design. School also maintains that the building has never been finally accepted because of the faulty roof, and, therefore, final payment has not been made and, in fact, is not due. Further, school maintains that the cause of action did not accrue under SDCL 15-2-13(1) until they found the replaced roof continued to leak. These are disputed questions of fact. It is quite understandable why School argues that a new building with an upside-down roof does not represent substantial completion and was not accepted.

*Wilson v. Great Northern Railway Company*, 83 S.D. 207, 157 N.W.2d 19 (1968) sets out the guiding principles in the use of summary judgment.[3] In light of these principles and SDCL 15-6-56 (summary judgment) the summary judgment in favor of Bondsman must also be vacated. When the final payment was or is due is a genuine question of material fact for trial.

We next consider the trial court's ruling which denied School's motion to amend its amended complaint. It is likewise reversed. The trial court's ruling was proper in light of case law at the time of such ruling. However, since SDCL 15-2-9 was subsequently ruled unconstitutional in

---

3. (1) The evidence must be viewed most favorable to the non-moving party; (2) the burden of proof is upon the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law; (3) though the purpose of the rule is to secure a just, speedy and inexpensive determination of the action, it was never intended to be used to substitute for a court trial or for a trial by jury where any genuine issue of material fact exists; (4) a surmise that a party will not prevail upon trial is not sufficient basis to grant the motion on issues which are not shown to be sham, frivolous or so unsubstantial that it is obvious it would be futile to try them; (5) summary judgment is an extreme remedy and should be awarded only when the truth is clear and reasonable doubts touching the existence of a genuine issue as to material facts should be resolved against the movant; (6) where, however, no genuine issue of fact exists, it is looked upon with favor and is particularly adaptable to expose sham claims and defenses. 83 S.D. at 212, 157 N.W.2d at 21.

*Daugaard, supra,* the amended complaint sought to be amended may be timely and, therefore, further consideration should be given its proposed amendment. SDCL 15–6–15(a) provides that leave to amend shall be freely given when justice requires.

The case is remanded for further proceedings consistent with the decision.

FOSHEIM, C.J., and DUNN and HENDERSON, JJ., concur.

WOLLMAN, J., concurs in result.

BERNDT, Circuit Judge, sitting for MORGAN, J., disqualified.