K. N. BELL AND WIFE v. THOMAS SMITH ET AL.

(Filed 8 March, 1916.)

**1. Navigable Waters—Grants—Exclusive Fishing—Statutes.**

A grant of land bordering upon or partly under navigable waters cannot confer upon the grantee the sole or exclusive right of fishing in such waters, nor can such right be acquired by prescriptive use. Revisal, sec. 1693 (1). Revisal, secs. 1698, 2450, 1696, 1697, have no application to the facts of this case, and it was no error for the court to refuse to submit an issue under sections 1698 and 2450.

**2. Same—Judgments—Interpretation—Appeal and Error.**

In this action the jury found for their verdict that defendant "had wrongfully fished in front of the plaintiff's lands on navigable waters in such way as to interfere with or prevent the operation of plaintiff's seine from this beach," whereupon a judgment was signed enjoining defendant from wrongfully interfering with or preventing the plaintiff, her agents, etc., from operating a seine from her shore. *Held*, the judgment, by correct interpretation, is that the defendant is restrained from wrongfully interfering with plaintiff's right to fish in navigable waters in common with all persons, and the defendant having appealed, it was for him to show error in the judgment of the lower court.

APPEAL by defendants from *Bond, J.*, at October Term, 1915, of CARTERET.

*Abernathy & Davis, Claud Wheatley, and G. V. Cowper for plaintiffs.*

*E. H. Gorham and J. F. Duncan for defendants.*

CLARK, C. J. The *feme* plaintiff owns a grant to certain lands near the mouth of Bogue Inlet, on Bogue Sound, through which runs the channel cut by the United States Government on the route to Swansboro, and has a seine fishery thereon. She alleges that the defendants wrongfully fished in front of said seine beach in such way as to interfere with the fishing operations of the seine used by her agents and servants from the shore.

The defendants admit that they have been catching fish in the navigable waters in which the plaintiff draws her seine, but *feme* plaintiff admits that the defendants have not trespassed on the shore owned by her. There seems to be no controversy as to the ownership of the marsh and the land by the plaintiff, nor that the plaintiff's seine fishery has been long established and used.

It is not contended that the plaintiff has improved the location "by clearing and cutting off logs, roots or stumps, or other obstructions," so as to make the spot suitable for hauling a seine. There was no error,

therefore, in the court declining to submit an issue on that point under Revisal, 1698 and 2450; nor has the plaintiff acquired title to the navigable waters in question for a wharf, under Revisal, 1696 and 1697.

The single question presented is this: The plaintiff is the owner of the land and has been using this beach for a seine for many years, and contends that she has the exclusive right to cast the seine in the navigable waters in front of such beach. The defendants contend that there can be no ownership of land beneath navigable waters, Revisal, 1693 (1).

The defendants' brief frankly says: "The sole question presented by this appeal is whether the grant gives the plaintiff the exclusive right of fishing in the waters of Bogue Sound covered by its description." So far as said grant embraces land covered by navigable waters, it is void by the express terms of Revisal, 1693 (1).

The defendants, admittedly, have not trespassed upon the shore or beach owned by the plaintiff. It follows that in the navigable waters opposite plaintiff's beach she has no exclusive right of fishing, though such spot is within the bounds of her grant.

The right to fish in navigable waters is open to all, and the proprietorship of the adjacent beach gives no exclusive right of fishing in the navigable waters in front thereof; nor does the fact that the plaintiff as owner of the adjacent beach has been in the habit of drawing a seine up to her beach at that point give her such exclusive fishery, no matter for how many years she has exercised or enjoyed such privilege. No title to land under navigable waters can be acquired by user, since even an express grant of land covered by navigable waters is void by the terms of the statute.

It appears that by statute all seines in the county of Carteret are restricted to 225 yards in length. As the defendants cannot use the adjacent beach, their enjoyment of fishing with a seine of that length cannot be very extensive as to area. But the defendants and all other citizens of the State have the right to fish in any navigable waters. No exclusive right can be reserved to the owners of the adjacent beach. The order in which the right can be enjoyed is that observed at the Pool of Bethesda.

The jury found in this case that the defendants had "wrongfully fished in front of the lands owned by the plaintiff in such way as to interfere with or prevent the operation of a seine by the plaintiff from this beach." The judgment enjoins the defendants, their servants, etc., "from interfering or preventing the plaintiff Mary E. Bell, her agents, etc., from operation of a seine from her shore for fishing." We must understand this verdict and judgment not as holding that plaintiff has the exclusive right to draw a seine in the navigable waters in front of her beach, but that the defendants are enjoined from "wrongfully interfering so as to prevent her doing so."

BELL *v.* SMITH.

If it had appeared from the issue found and the judgment that it was intended to hold that the plaintiff had the exclusive right of fishing in the navigable waters in front of her beach we should have felt compelled to grant a new trial for such error. The plaintiff contends in the argument here that such was not the meaning of the issue or the judgment, and as the burden is upon the appellants to show error, we must sustain the judgment below. In doing so, however, we must be understood as construing such judgment as not recognizing any exclusive right of fishery in the plaintiff and as enjoining the defendants simply from wrongfully interfering with her lawful exercise of fishery. .

The right of fishery in navigable waters is open to all, and must be exercised by each, in due turn, without interfering with the reasonable exercise of the same right by others. Such right is similar, though not identical, with the enjoyment of property by tenants in common. The whole matter has been thoroughly discussed in the following cases: *Collins v. Benbury,* 25 N. C., 277; *Winder v. Blake,* 49 N. C., 332; *Skinner v. Hettrick,* 73 N. C., 57; and *Hettrick v. Page,* 82 N. C., 68.

In *Collins v. Benbury,* 27 N. C., 118, it is said: "The mere circumstance of fishing at a particular place, no matter for how long a time, raises no presumption of such a grant, because the person so fishing exercises *prima facie* only a right which belongs to him in common with all others." This was the case of a seine fishery the owner of which claimed an exclusive right. The grant under which the plaintiff claims is silent with reference to any fishing right, and there is nothing therein indicating an intention to give the grantee an exclusive right of fishery.

No person has a several or exclusive right of fishery in any of the public navigable waters of the State. *Daniels v. Homer,* 139 N. C., 219; *S. v. Gallop,* 126 N. C., 983; *Rea v. Hampton,* 101 N. C., 51.

The right of fishing in the navigable waters of the State belongs to the people in common, to be exercised by them with due regard to the rights of each other, and cannot be reduced to exclusive or individual control either by grant or by long user by any one at a given point. Such right must be exercised, in the absence of express regulations by the State, with due regard to the rights of all under the general custom of fishing in the sound. There could be no valid entry of lands covered by navigable waters. Revisal, 1693 (1); *Land Co. v. Hotel,* 132 N. C., 526; *Holley v. Smith,* 130 N. C., 86; *Lenoir v. Crabtree,* 158 N. C., 361.

The defendants contend on the argument here that the judgment confers an exclusive right of fishery upon the plaintiff. The plaintiff contends that it does not. The latter construction is permissible and is according to law. The burden is upon the defendants to show error. The restraining order was erroneous, as it forbade the defendants from fishing at all at the *locus in quo,* but the injunction to the hearing was

more restricted, and the final judgment is more so, as above stated. The plaintiff probably began the action to assert an exclusive right, but we have to pass upon the question whether there is error in the result reached by the judgment. In that we find

No error.