CHARLES HENRY BOLICK v. AMERICAN BARMAG CORPORATION

No. 8025SC983

(Filed 17 November 1981)

**Courts § 1; Limitation of Actions § 4.1; Sales § 22— products liability— purported statute of limitation—unconstitutionality**

> G.S. 1-50(6), which purports to bar personal injury, wrongful death and property damage claims arising out of an alleged product defect or failure brought more than six years after the date of initial purchase of the product for use or consumption, is not a statute of limitation and violates provisions of Art. I, § 18 of the N.C. Constitution guaranteeing access to the courts for

redress of injuries because product liability claims cannot not arise until the injury, death, or property damage occurs, or, if not readily apparent at the time of origin, until the injury is discovered or reasonably ought to have been discovered; the statute attempts to bar absolutely claims arising out of product defects or failures after a period measured from a date other than the date of accrual of those claims; and for those injured or damaged by products more than six years after initial purchase, the statute would bar the right to sue for redress of injury before that right arose.

Judge MARTIN (Robert M.) dissents.

APPEAL by plaintiff from *Lane, Judge.* Judgment entered 14 July 1980 in Superior Court, CATAWBA County. Heard in the Court of Appeals 10 April 1981.

Plaintiff appeals from a summary judgment dismissing his claims as barred by G.S. 1-50(6).

*Tate, Young & Morphis, by Thomas C. Morphis, and Farthing & Cheshire, by Edwin G. Farthing, for plaintiff appellant.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by William E. Poe and Irvin W. Hankins, III, for defendant appellee.*

*Harris, Bumgardner & Corry, by Tim L. Harris, for North Carolina Academy of Trial Lawyers, amicus curiae.*

WHICHARD, Judge.

Plaintiff filed product liability claims against defendant on 10 October 1979 for injuries sustained on 3 June 1977 when he caught his hand in a machine manufactured and distributed by defendant. Plaintiff alleged defendant had negligently designed and manufactured the machine, which it sold to plaintiff's employer, and that this negligent design and manufacture proximately caused his injuries.

Defendant moved for summary judgment on the basis that G.S. 1-50(6), quoted *infra*, barred plaintiff's claims, because plaintiff brought them more than six years after 6 April 1971, the alleged date of sale of the machine by defendant to plaintiff's employer. The court granted defendant's motion and dismissed plaintiff's claims with prejudice.

We hold G.S. 1-50(6) unconstitutional on its face, and we therefore reverse. The courts have a duty "when it is clear a statute transgresses the authority vested in the legislature by the Constitution . . . to declare the act unconstitutional." *Wilson v. High Point,* 238 N.C. 14, 23, 76 S.E. 2d 546, 552 (1953); *Board of*

*Managers v. Wilmington,* 237 N.C. 179, 74 S.E. 2d 749 (1953); *Glenn v. Board of Education,* 210 N.C. 525, 187 S.E. 781 (1936). Article I, section 18 of the North Carolina Constitution, quoted *infra,* guarantees access to the courts for redress of injuries. The attempt by enactment of G.S. 1-50(6) to abrogate the right of access to the courts of persons who sustain injury, death, or property damage due to a defect or failure of a product, violates that provision for the reasons discussed below.

On 28 May 1979, after plaintiff suffered injury allegedly caused by defendant's negligence in the design or manufacture of the machine, but before he filed suit, the General Assembly enacted "An Act Relating to Civil Actions for Damages for Personal Injury, Death or Damage to Property Resulting From the Use of Products." 1979 N.C. Sess. Laws ch. 654 [hereinafter The Products Liability Act]. The Products Liability Act provided that it would not affect pending litigation and that it would become effective 1 October 1979. *Id.* §§ 7, 8. It also contained a severability clause. *Id.* § 5. Because plaintiff filed his claims on 10 October 1979, the act, by its terms, purportedly applies.

The Products Liability Act, in addition to creating chapter 99B of the General Statutes, which contains substantive provisions concerning products liability law, amended several sections of General Statutes, chapter 1. It amended G.S. 1-50 by adding the following:

(6) No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption.

G.S. 1-50(6) purports to establish an absolute time after the purchase of a product beyond which no action can be maintained. The date from which the six year period is to be measured, the date of "initial purchase for use or consumption," has no relation to the claims purportedly barred, however. No claim can accrue, based upon or arising out of any alleged defect or failure in relation to a product, until the product causes actual injury. *See Raftery v. Construction Co.,* 291 N.C. 180, 230 S.E. 2d 405 (1976). A defect or failure in relation to a product could cause actual injury more than six years after the initial purchase. Thus, for those injured

or damaged by products more than six years after initial purchase, G.S. 1-50(6) would bar the right to sue for redress of injury before that right arose. The effect of G.S. 1-50(6) thus is to extinguish absolutely the right to assert personal injury, wrongful death, and property damage claims in all cases in which the statute would apply to bar the action.

Article I, section 18 of the North Carolina Constitution provides, "All courts shall be open; every person for an *injury done him* in his lands, goods, person, or reputation shall have remedy by due course of law; and right and justice shall be administered without favor, denial, or delay." (Emphasis supplied.) The North Carolina Supreme Court in *Osborn v. Leach*, 135 N.C. 628, 47 S.E. 811 (1904), discussed this "remedy by due course of law" provision in the 1868 Constitution from which current article I, section 18 derived, and adopted the following statement by the Kansas Supreme Court:

> It is not an easy task to deduce either from reason or the authorities a satisfactory definition of 'law of the land' or 'due course of law.' We feel safe, however, from either standpoint, in saying these terms do not mean any act that the Legislature may have passed, if such act does not give to one opportunity to be heard before being deprived of property, liberty or reputation, or having been deprived of either does not afford a like opportunity of showing the extent of his injury, and give an adequate remedy to recover therefor. Whatever these terms may mean more than this, they do mean due and orderly procedure of courts in the ascertainment of damages for injury, to the end that the injured one 'shall have remedy,' that is, proper and adequate remedy, thus to be ascertained. To refuse hearing and remedy for an injury after its infliction is a small remove from infliction of penalty before and without hearing.

*Osborn*, 135 N.C. at 636-637, 47 S.E. at 814 *quoting from Hanson v. Krehbiel*, 68 Kan. 670, 75 P. 1041 (1904). The court then stated, "We have thus copied at some length the discussion of an almost identical statute [to North Carolina Constitution article I, section 18[1]] by the very able Supreme Court of our sister State, because

---

1. Kansas Bill of Rights section 18 provided, "All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law, and justice administered without delay."

of the clearness and vigor with which it presents our own views upon the subject." *Osborn*, 135 N.C. at 637, 47 S.E. at 814.

Thus, article I, section 18 guarantees to those who suffer injury to their persons, property, or reputation, the right to seek redress therefor in the courts of this state. Any law which attempts to deny that right runs afoul of this guarantee. G.S. 1-50(6), because it would absolutely abolish rights to seek redress for injuries, on its face violates article I, section 18. This court has a duty, therefore, to declare it unconstitutional. *See Wilson v. High Point*, 238 N.C. 14, 76 S.E. 2d 546 (1953).

Other state appellate courts have striken, as violative of state constitutions, provisions which, like G.S. 1-50(6), extinguish rights to pursue claims for injuries in the courts. The Supreme Courts of Florida and Kentucky have declared unconstitutional, under provisions substantially similar to article I, section 18, statutes which barred claims for injury arising out of improvements to realty after the passage of a stated period from substantial completion of the improvement. *Overland Construction Co. v. Sirmons*, 369 So. 2d 572 (Fla. 1979); *Saylor v. Hall*, 497 S.W. 2d 218 (Ky. 1973). Several other jurisdictions, applying state constitutional provisions which guarantee access to the courts but differ in some respects from article I, section 18, have declared unconstitutional their statutes barring claims against builders and architects. *See Fujioka v. Kam*, 55 Hawaii 7, 514 P. 2d 568 (1973); *Skinner v. Anderson*, 38 Ill. 2d 455, 231, N.E. 2d 588 (1967); *Pacific Indemnity Co. v. Thompson-Yaeger, Inc.*, Minn. ---, 260 N.W. 2d 548 (1977); *Loyal Order of Moose, Lodge 1785 v. Cavaness*, 563 P. 2d 143 (Okla. 1977); *Broome v. Truluck*, 270 S.C. 227, 241 S.E. 2d 739 (1978); *Kallas Millwork Corp. v. Square D Co.*, 66 Wis. 2d 382, 225 N.W. 2d 454 (1975); *Phillips v. ABC Builders, Inc.*, 611 P. 2d 821 (Wyo. 1980).

Defendant contends G.S. 1-50(6) constitutes a statute of limitation, and therefore represents a valid exercise of legislative power. Both federal and state courts recognize the power of legislative bodies to enact statutes of limitation which prescribe "a reasonable time within which a party is permitted to bring suit for the recovery of his rights, and which, on failure to do so, establish a legal presumption against him that he has no legal rights in the premises," *Wilson v. Iseminger*, 185 U.S. 55, 62, 46

L.Ed. 804, 807, 22 S.Ct. 573, 575 (1902). To be a proper exercise of the legislative power, however, a statute which creates a time bar to a person's right to sue must in fact be a statute of limitation. G.S. 1-50(6), for reasons discussed below, is not a statute of limitation.

G.S. 1-15(a), applicable to all statutes of limitation in this state, provides, "Civil actions can only be commenced within the periods prescribed in this Chapter, *after the cause of action has accrued,* except where in special cases a different limitation is prescribed by statute." (Emphasis added.) As our courts have frequently noted,

> In no event can a statute of limitations begin to run until plaintiff is entitled to institute action. . . . Ordinarily, the period of the statute of limitations begins to run when *the plaintiff's right* to maintain an action *for the wrong alleged* accrues. The cause of action accrues *when the wrong is complete* . . . .

*Raftery v. Construction Co.,* 291 N.C. 180, 183-184, 230 S.E. 2d 405, 407 (1976) (citations omitted; emphasis in original). The negligence of a defendant confers no right of action upon a plaintiff until the plaintiff suffers an injury proximately caused thereby. *Id.* at 186, 230 S.E. 2d at 408. As noted above, the claims of persons injured by alleged defects or failures in relation to products cannot accrue until the injury, death, or property damage occurs. Further, both prior to the Products Liability Act and in the Act itself, the legislature postponed the date the statute of limitation began to run, in situations rendering an injury not readily apparent to the claimant at the time of its origin, to the date the injury was discovered or reasonably ought to have been discovered. *See* G.S. 1-15(b) (Cum. Supp. 1977) (repealed 1979); G.S. 1-52(16). Thus, a statute of limitation cannot begin to run against a plaintiff with product liability claims until the injury occurs, or, if not readily apparent at the time of origin, until the injury is discovered or reasonably ought to have been discovered. Because G.S. 1-50(6) attempts to bar absolutely claims arising out of defects or failures in relation to products after a period measured from a date *other than* the date of accrual of those claims, it does not constitute a statute of limitation. Rather,

it would, as a matter of substantive law, abolish certain claims recognized prior to its enactment.[2]

The United States Supreme Court has stated,

It may be properly conceded that all statutes of limitation must proceed on the idea that the party has full opportunity afforded him to try his right in the courts. A statute could not bar the existing rights of claimants without affording this opportunity; if it should do so, it would not be a statute of limitations, but an unlawful attempt to extinguish rights arbitrarily, whatever might be the purport of its provisions.

*Wilson v. Iseminger,* 185 U.S. 55, 62, 46 L.Ed. 804, 807, 22 S.Ct. 573, 575 (1902). G.S. 1-50(6) purports to extinguish, for persons injured by products more than six years after initial purchase of the products, the constitutionally guaranteed opportunity to try their claims in the courts.

In their memoranda of additional authority and in oral argument, both parties urged application to this case of the rationale of *Flippin v. Jarrell,* 301 N.C. 108, 270 S.E. 2d 482 (1980). Because G.S. 1-50(6) does not prescribe an accrual date and is not a statute of limitation, the *Flippin* decision has no application here. In *Flippin* the court applied the rule that although a legislature may shorten a limitation period, due process requires that in so doing it must provide a reasonable time for filing actions which have accrued but not been filed when the new statute takes effect. 301 N.C. at 113, 270 S.E. 2d at 486. The rule applies only to limitation statutes, however. No amount of time allowed to file claims which accrued but were unfiled prior to the effective date of the Products Liability Act could cure the constitutional infirmity of a statute which purports to bar certain claims before the injury or damage giving rise to those claims occurs.

We declare G.S. 1-50(6) void as violative of North Carolina Constitution article I, section 18; and we thus reverse the judgment of the trial court which dismissed plaintiff's action as barred by that section.

2. Because we hold G.S. 1-50(6) to be unconstitutional, we do not consider the question of retroactive application of a substantive law. *See Smith v. Mercer,* 276 N.C. 329, 172 S.E. 2d 489 (1970).

Reversed.

Judge VAUGHN concurs.

Judge MARTIN (Robert M.) dissents.