MOLLIE JACKSON DUNN AND HUSBAND, CECIL DUNN; DAISY JACKSON
TROGDON AND HUSBAND, JAMES H. TROGDON, JR.; PATRICIA
JACKSON DAVIS AND HUSBAND, WILLIAM R. DAVIS; FAIRLYN JACKSON
MONTELLA AND HUSBAND, MICHAEL MONTELLA, PLAINTIFFS-APPELLANTS
v. WILLARD J. PATE; BOBBIE LOU JACKSON GRIMES; FAIRLEY JAMES
GRIMES AND WIFE, JENNIFER B. GRIMES; DAVID E. GRIMES, JR.;
ELIZABETH GRIMES FISHER AND HUSBAND, WILSON DAVID FISHER;
LABON CHARLES GRIMES AND WIFE, LIBBY GRIMES, DEFENDANTS-
APPELLEES

No. 9112SC324

(Filed 7 April 1992)

**Deeds § 25 (NCI4th) — 1962 deed from husband and wife to husband
alone — certification lacking — constitutionality of statute**

In an action to set aside a 1962 deed from a husband
and wife by entireties to the husband which did not contain
the certification then required by statute that the conveyance
was not unreasonable or injurious to the wife, the trial court
erred by concluding that the statutes were unconstitutional
and granting summary judgment for defendants. Although
defendants have cited and relied on persuasive federal authori-
ty to support their contention that the statutes in question
are a form of gender-based discrimination which violate both
the United States and North Carolina Constitutions, the North
Carolina Supreme Court upheld the constitutionality of the
statute in *Butler v. Butler*, 169 N.C. 584, and research indicates
no change of position up to the time the statute was repealed.
The judicial policy of *stare decisis* is followed by the courts
of North Carolina and is particularly applicable where property
rights have vested in reliance on precedents. Moreover, the
Court of Appeals has no authority to overrule decisions of
the Supreme Court.

Am Jur 2d, Courts §§ 183, 184, 196, 201, 225-227; Deeds
§§ 31, 32; Husband and Wife § 260.

**Validity and effect of conveyance by one spouse to other of grantor's interest in property held as estate by entireties. 8 ALR2d 634.**

APPEAL by plaintiffs from an order granting defendants' motion for summary judgment entered 31 December 1990 by Judge D.B. Herring, Jr. Heard in the Court of Appeals 15 January 1992.

This action was instituted by plaintiffs on 12 February 1989 and involves a dispute regarding the title to certain real property located in Cumberland County, North Carolina. Plaintiffs sought to have a 1962 deed set aside for failure to follow the requirements of N.C. Gen. Stat. § 52-12 (later § 52-6) and N.C. Gen. Stat. § 47-39.

The property in question was previously owned by Mary A. Jackson, the mother of Fairley J. Jackson. On 22 October 1951, Mary A. Jackson conveyed the property to Fairley J. Jackson and wife, Mary Elizabeth Jackson, as tenants by the entirety. Fairley J. Jackson and wife, Mary Elizabeth Jackson, executed a deed, recorded on 23 July 1962, conveying this property to Fairly J. Jackson individually. This deed did not contain a certification by the clerk of court that the conveyance was not unreasonable or injurious to the wife as was then required by N.C. Gen. Stats. § 52-12 and § 47-39.

On 12 May 1976, Fairley J. Jackson died testate and devised the property in question to his wife, Mary Elizabeth, for life; then in equal shares to each of his living children and his sister-in-law, Willard J. Pate. Pursuant to a codicil, the share which was devised to Willard J. Pate was for her life only and then the remainder was to be distributed to the children of Bobbie Lou Grimes (Fairley's grandchildren).

On 17 August 1980, Mary Elizabeth Jackson died intestate. At the time of her death, her heirs consisted of her five living children, to wit: Mollie Jackson Dunn, Daisy Jackson Trogdon, Patricia Jackson Davis, Fairlyn Jackson Montella and Bobbie Lou Grimes.

Plaintiffs alleged the 1962 deed was ineffective to convey the property to Fairley J. Jackson. Thus, at the time of his death the property was still held by Fairley J. Jackson and his wife as tenants by the entirety and upon his death the property passed by operation of law to his wife, Mary Elizabeth. Plaintiffs further

alleged that upon Mary Elizabeth's death, the property passed to her children in five equal shares as opposed to being devised to the children and Willard J. Pate in six equal shares in accordance with the Will and Codicil of Fairley J. Jackson.

Both parties filed motions for summary judgment. On 16 March 1989, summary judgment was entered in favor of defendants by Judge Wiley F. Bowen. Plaintiffs appealed from that judgment.

In an opinion reported at 98 N.C. App. 351, 390 S.E.2d 712 (1990), this Court reversed the entry of summary judgment on state substantive law grounds, declined to consider the constitutional issues raised by defendants, and "remanded" the case.

Subsequent to this Court's decision, defendants filed a notice of appeal to our Supreme Court pursuant to N.C. Gen. Stat. § 7A-30(1) alleging that this case directly involved a substantial constitutional question. Defendants also filed a petition for discretionary review pursuant to N.C. Gen. Stat. § 7A-31. Plaintiffs filed a response to the petition for discretionary review and a motion to dismiss the appeal for lack of a substantial constitutional question. On 29 August 1990, the Supreme Court entered an order denying defendants' petition for discretionary review and granting plaintiffs' motion to dismiss. *Dunn v. Pate*, 327 N.C. 427, 395 S.E.2d 676 (1990).

On remand, defendants argued that the remaining issue for disposition was the constitutionality of N.C. Gen. Stats. § 52-12 (later § 52-6) and § 47-39 which had been raised earlier at the trial level and preserved by defendants throughout the litigation. Again, both parties filed motions for summary judgment having stipulated there was no genuine issue of material fact. The trial judge granted defendants' motion for summary judgment. Plaintiffs appealed.

*McCoy, Weaver, Wiggins, Cleveland & Raper, by Richard M. Wiggins, for plaintiffs-appellants.*

*Garris Neil Yarborough for defendants-appellees.*

WELLS, Judge.

In granting defendants' motion for summary judgment, the trial court concluded, *inter alia*:

DUNN v. PATE

[106 N.C. App. 56 (1992)]

CONCLUSIONS OF LAW

. . .

3. As to the parties and subject matter of this action, the Court is of the opinion, concludes and so holds, that North Carolina General Statute 52-12 (later 52-6) and 47-39, are a form of gender based [sic] discrimination violative of the equal protection clause of the 14th Amendment to the United States Constitution, the Due Process Clause of the 14th Amendment to the United States Constitution and Article 1, Section 19 of the North Carolina Constitution.

. . .

Plaintiffs contend the trial court erred in granting summary judgment, based on constitutional grounds, in favor of defendants. Plaintiffs argue the constitutionality of N.C. Gen. Stats. § 52-12 (later § 52-6) and § 47-39 has previously been determined by our Supreme Court and the trial court was bound to follow this established precedent. Contending that the trial court's decision is in direct contradiction of the case law dealing with this question, plaintiffs argue that the trial court erred in concluding the statutes were unconstitutional. We agree.

We recognize that the defendants in this case have made a meritorious argument with regard to the constitutionality of the statutes at issue. The defendants have cited and relied on persuasive federal authority to support their contention that the statutes in question are a form of gender-based discrimination which violates both the United States and North Carolina Constitutions. However, in *Butler v. Butler*, 169 N.C. 584, 86 S.E. 507 (1915), our Supreme Court addressed the application of the statutory requirement in question to a deed from a wife to her husband and specifically held that the statute applied to such deeds. The Court upheld the constitutionality of the statute *citing Kearney v. Vann*, 154 N.C. 311, 70 S.E. 747 (1911); *Long v. Rankin*, 108 N.C. 333, 12 S.E. 987 (1891); and *Sims v. Ray*, 96 N.C. 87, 2 S.E. 443 (1887). The Court further stated that ". . . the validity of the statute as a constitutional exercise of legislative power and its application to deeds cannot be further questioned. . . ." *Butler, supra*. Our research indicates no change of position on this question up to the time the statute was repealed.

DUNN v. PATE

[106 N.C. App. 56 (1992)]

The judicial policy of *stare decisis* is followed by the courts of this state. *See, e.g., Rabon v. Rowan Memorial Hospital, Inc.,* 269 N.C. 1, 152 S.E.2d 485 (1967). Under this doctrine, "[t]he determination of a point of law by a court will generally be followed by a court of the same or lower rank if a subsequent case presents the same legal problem, although different parties are involved in the subsequent case." 20 Am. Jur. 2d *Courts* § 183 (1965). This doctrine is particularly applicable where property rights, especially rights in real property, are concerned and where the rights have become vested in reliance on the precedents. 20 Am. Jur. 2d *Courts* § 196 (1965). *See also Rabon, supra. Stare decisis* has as its purpose the stability of the law and the security of titles. It ·is necessary that the established rules be uniformly observed so that those called upon to advise may safely give opinions on titles to real property. *Whitley v. Arenson,* 219 N.C. 121, 12 S.E.2d 906 (1941).

Moreover, this Court has no authority to overrule decisions of our Supreme Court and we have the responsibility to follow those decisions "until otherwise ordered by the Supreme Court." *Cannon v. Miller,* 313 N.C. 324, 327 S.E.2d 888 (1985). It necessarily follows that the trial court is bound by this ˉsame principle as well as the doctrine of *stare decisis.* We recognize that the mandate in our previous opinion, "reversed and remanded," implied that the trial court could change the result of this case on constitutional grounds but that procedural quirk does not affect the decisions by which we are bound on this question. Thus, for the foregoing reasons, we hold that the trial court erred in concluding the statutes were unconstitutional.

"Once an appellate court has ruled on a question, that decision becomes the law of the case and governs the question not only on remand at trial, but on a subsequent appeal of the same case." *N.C.N.B. v. Virginia Carolina Builders,* 307 N.C. 563, 299 S.E.2d 629 (1983). The previous panel of this Court rejected defendants' arguments that the deed was cured by N.C. Gen. Stat. § 52-8 or validated by N.C. Gen. Stat. § 39-13.1(a) and held that the deed in question was void. This became the law of the case and as such is binding upon this panel and the trial court. Accordingly, we remand this case and direct that summary judgment be entered in favor of plaintiffs.

Reversed and remanded.

Chief Judge HEDRICK and Judge JOHNSON concur.