JIMMY MAHONEY AND JUDY MAHONEY, PLAINTIFFS v. RONNIE'S ROAD SERVICE, INDIAN HEAD INDUSTRIES, INC., AND MGM BRAKES, DEFENDANTS

No. COA94-706

(Filed 2 April 1996)

**1. Constitutional Law §§ 92, 128 (NCI4th); Limitations, Repose, and Laches § 27 (NCI4th)— personal injury from allegedly defective product—six-year statute of repose— constitutionality**

The statute providing that no action for personal injuries or property damage arising out of any alleged defect or failure in

relation to a product can be brought more than six years after the initial date of purchase for use, N.C.G.S. § 1-50(6), violates neither the equal protection clauses of the state or federal constitutions nor the open courts clause of Article I, § 18 of the North Carolina Constitution.

**Am Jur 2d, Constitutional Law §§ 613-617, 786; Limitation of Actions §§ 27-30.**

**Validity, and applicability to causes of action not already barred, of a statute enlarging limitation period. 79 ALR2d 1080.**

**Medical malpractice statutes of limitation minority provisions. 62 ALR4th 758.**

**Validity and construction of statute terminating right of action for product-caused injury at fixed period after manufacture, sale, or delivery of product. 30 ALR5th 1.**

2. **Courts § 149 (NCI4th)— breach of warranty claim—applicability of Arizona or North Carolina statute of repose— most significant relationship between North Carolina and parties or transaction**

North Carolina's six-year statute of repose, rather than Arizona's twelve-year statute, applied to plaintiffs' breach of warranty claims against the manufacturer of a brake assembly, since the brake assembly was manufactured in North Carolina and then distributed to Kentucky where it was incorporated into a vehicle which was eventually purchased by a business in Arizona; the injury in question took place in North Carolina; and North Carolina thus had the most significant relationship to the transaction and the parties. N.C.G.S. § 25-1-105.

**Am Jur 2d, Conflict of Laws §§ 98-106.**

**What is place of tort causing personal injury or resultant damage or death, for purpose of principle of conflict of laws that law of place of tort governs. 77 ALR2d 1266.**

**Modern status of rule that substantive rights of parties to a tort action are governed by the law of the place of the wrong. 29 ALR3d 603.**

**Modern status of choice of law in application of automobile guest statutes. 63 ALR4th 167.**

**MAHONEY v. RONNIE'S ROAD SERVICE**

[122 N.C. App. 150 (1996)]

Judge WYNN dissenting.

Appeal by plaintiff from order entered 19 May 1994 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 22 March 1995.

*Blanchard, Twiggs, Abrams & Strickland, P.A., by Douglas B. Abrams, and Gate & Mathers, Ltd., by Martin H. Mathers, for plaintiff-appellants.*

*Yates, McLamb & Weyher, L.L.P., by Kirk G. Warner and Suzanne S. Lever, for defendant-appellees.*

JOHN, Judge.

Plaintiffs appeal the trial court's grant of summary judgment in favor of defendants. Plaintiffs contend the statute of repose under N.C. Gen. Stat. § 1-50(6) (1983 & 1995 Cum. Supp.) is unconstitutional, and further argue that the provision in any event has no application to the breach of warranty claims in the case *sub judice.* We disagree.

Relevant background information is as follows: On 14 August 1991, plaintiff Jimmy Mahoney, an Arizona resident, was travelling through North Carolina in the course of his employment as a long distance moving van driver. Plaintiff discovered that an air brake on his trailer had malfunctioned and telephoned defendant Ronnie's Road Service (Ronnie's) of Jacksonville, North Carolina, for assistance. Plaintiff was instructed by Ronnie's to remove the covering of the air brake in order to facilitate replacement. As plaintiff attempted to remove the covering, it suddenly discharged and struck him in the face. He was knocked unconscious and suffered serious injuries as a result of the blow.

The air brake assembly in the trailer driven by plaintiff was manufactured on 5 December 1983 by defendant MGM Brakes (MGM), a division of defendant Indian Head Industries, Inc. (Indian Head), at a plant located in Murphy, North Carolina. The product subsequently was shipped to a company in Kentucky for incorporation into a particular vehicle. That vehicle was invoiced to a distributor in Missouri and subsequently to a business in Arizona in late December 1983.

Plaintiff and his wife, Judy, filed suit 12 August 1993 alleging negligence against all defendants, and further alleging claims of breach of warranties, strict liability, and absolute liability against MGM and

Indian Head. The complaint also sought punitive damages from MGM and Indian Head and included a claim for loss of consortium by Judy Mahoney. MGM and Indian Head answered and asserted several affirmative defenses, including North Carolina's six year statute of repose.

On 19 January 1994, MGM and Indian Head moved for summary judgment. Based on affidavits and other materials submitted, the trial court granted defendants' motion by order filed 19 May 1994. Pursuant to N.C.R. Civ. P. 54(b), the court certified there was no just cause for delay of appeal, and plaintiffs entered notice of appeal 25 May 1994.

---

Plaintiffs advance two primary arguments in support of their contention that the trial court erred by granting the motion for summary judgment of MGM and Indian Head. After carefully considering plaintiff's arguments, we conclude the court did not err.

[1] Plaintiffs first maintain North Carolina's statute of repose under N.C.G.S. § 1-50(6) is unconstitutional. The statute provides as follows:

No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption.

Plaintiffs argue the section violates the open courts clause contained in Article I, § 18 of the North Carolina Constitution and the Fourteenth Amendment of the United States Constitution. However, the constitutionality of N.C.G.S. § 1-50(6) was upheld years ago in *Tetterton v. Long Manufacturing*, 314 N.C. 44, 49-59, 332 S.E.2d 67, 70-75 (1985). *Tetterton* held N.C.G.S. § 1-50(6) violates neither the equal protection clauses of the state or federal constitutions nor Article I, § 18 of the North Carolina Constitution. 314 N.C. at 49-54, 332 S.E.2d at 70-73. While plaintiffs strenuously assert that "[t]he time has come for the North Carolina Courts . . . to rule [the statute] is unconstitutional," it is elementary that we are bound by the rulings of our Supreme Court, *Dunn v. Pate*, 106 N.C. App. 56, 60, 415 S.E.2d 102, 104 (1992), *rev'd on other grounds*, 334 N.C. 115, 431 S.E.2d 178 (1993). Plaintiff's first argument is thus resolved in favor of MGM and Indian Head.

[2] In the alternative, plaintiffs maintain that Arizona law governs their breach of warranty claims and that Arizona's twelve year statute

of repose, Ariz. Rev. Stat. Ann. § 12-551 (1956), applies rather than the six year limit imposed by N.C.G.S. § 1-50(6). We conclude to the contrary.

N.C. Gen. Stat. § 25-1-105 (1995) controls choice of law questions with regards to actions under the Uniform Commercial Code, including breach of warranty claims. *Bernick v. Jurden*, 306 N.C. 435, 442, 293 S.E.2d 405, 410 (1982). The statute provides that, in the absence of an agreement between the parties, North Carolina law will apply to "transactions bearing an appropriate relation to this State." N.C.G.S. § 25-1-105. Operation of the "appropriate relation" standard involves application by North Carolina courts of the law of the state with the "most significant relationship" to the transaction in question. *Boudreau v. Baughman*, 322 N.C. 331, 338, 368 S.E.2d 849, 855 (1988); *see also Terry v. Pullman Trailmobile*, 92 N.C. App. 687, 691, 376 S.E.2d 47, 49 (1989) (substantive law of state with the "most significant relationship to the transaction and the parties" applies (citing Restatement (Second) of Conflict of Laws § 188(1) (1971)).

In *Boudreau*, the Supreme Court determined that Florida law should apply to the plaintiff's warranty claims under circumstances in which a chair was manufactured in North Carolina, sold to a furniture store in Florida, and purchased by Florida residents whose guest in Florida injured his foot on the metal surface of the chair. *Boudreau*, 322 N.C. at 334, 336-39, 368 S.E.2d at 853-856. This Court held in *Terry* that North Carolina law was applicable where a Texas resident was injured in New York while operating a tractor-trailer manufactured in Texas and thereafter sold in North Carolina to a Virginia business as part of a shipment for a North Carolina corporation; the tractor-trailer was eventually resold and obtained by another North Carolina corporation. *Terry*, 92 N.C. App. at 688, 691-94, 376 S.E.2d at 48-51.

Finally, in *Bernick*, our Supreme Court held that in the instance where a mouthguard, manufactured in Canada and purchased in Massachusetts, shattered during a hockey game in this state, North Carolina law should apply. *Bernick*, 306 N.C. at 443, 293 S.E.2d at 410. The Court reasoned that "[t]he plaintiff did not suffer the damages from any breach of warranty for which he seeks recovery until the hockey game in North Carolina." *Id.*

While the *Boudreau* and *Terry* courts appear to have resolved the "significant interest" test in favor of the state of sale and distribution, the *Bernick* court thus suggested a preference for the law of the location of injury. We do not interpret any of these decisions as mandat-

**MAHONEY v. RONNIE'S ROAD SERVICE**

[122 N.C. App. 150 (1996)]

ing a rule according greater significance to the site of injury or to the place of sale and distribution. Rather we estimate each to reflect a considered examination of the circumstances in order to determine the state with "the most significant relationship," *Boudreau*, 322 N.C. at 338, 368 S.E.2d at 855, to the transaction in question.

Our own similar analysis of the circumstances *sub judice* indicates that North Carolina, the site of manufacture, initial distribution, and injury, bears the "most significant relationship to the transaction and the parties," *Terry*, 92 N.C. App. at 691, 376 S.E.2d at 49. Defendants MGM and Indian Head manufactured the allegedly defective brake assembly in North Carolina, but did not thereafter directly distribute it into Arizona. Rather it was shipped to Kentucky and incorporated into a vehicle. From Kentucky, the vehicle was invoiced to a Missouri dealer, which then sold it to an Arizona corporation.

Considering that the North Carolina manufacturer initially distributed the brake assembly from North Carolina into Kentucky, and that the injury in question took place in North Carolina, we hold North Carolina law applies to plaintiffs' breach of warranty claims. Because the moving van being operated by plaintiff was purchased on or about 27 December 1983 and his injury occurred 14 August 1991, more than six years passed between the purchase of the allegedly defective brake assembly and the injury to plaintiff. Application of North Carolina's statute of repose therefore operates to bar plaintiff's claims for breach of warranty. *See* N.C.G.S. § 1-50(6).

Under our rules of civil procedure, summary judgment should be granted only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c). As we have held plaintiff's breach of warranty claims to be barred by the statute of repose set out in N.C.G.S. § 1-50(6), defendants MGM and Indian Head are entitled to judgment as a matter of law on those claims. The trial court therefore did not err in entering summary judgment in their favor.

Affirmed.

Chief Judge ARNOLD concurs.

Judge WYNN dissents.

**MAHONEY v. RONNIE'S ROAD SERVICE**

[122 N.C. App. 150 (1996)]

Judge WYNN dissenting,

I agree that this Court is bound by our Supreme Court's ruling in *Tetterton v. Long Manufacturing Co.*, 314 N.C. 44, 332 S.E.2d 67 (1985) which upheld the constitutionality of our statute of repose, N.C.G.S. § 1-50(6). However, in my opinion, our Supreme Court should reconsider its rejection of Judge (now Justice) Whichard's persuasive reasoning in *Bolick v. American Barmag Corp.*, 54 N.C. App. 589, 590-91, 284 S.E.2d 188, 189-90 (1981):

> We hold G.S. 1-50 (6) unconstitutional on its face, and therefore reverse. The courts have a duty when it is clear a statute transgresses the authority vested in the legislature by the Constitution . . . to declare the act unconstitutional." *Wilson v. High Point*, 238 N.C. 14, 23, 76 S.E.2d 546, 552 (1953); *Board of Managers v. Wilmington*, 237 N.C. 179, 74 S.E.2d 749 (1953); *Glenn v. Board of Education*, 210 N.C. 525, 187 S.E. 781 (1936). Article I, section 18 of the North Carolina Constitution, quoted *infra*, guarantees access to the courts for redress of injuries. The attempt by enactment of G.S. 1-50 (6) to abrogate the right of access to the courts of persons who sustain injury, death, or property damage due to a defect or failure of a product, violates that provision . . . .

Notwithstanding our constraints on the issue of constitutionality, I believe that the Arizona statute of repose is the applicable statute for this case. As the majority indicates, for claims based upon breach of implied warranty, the courts must use the substantive law of the state which has the most significant relationship to the matters in controversy. *See Boudreau v. Baughman*, 322 N.C. 331, 368 S.E.2d 849 (1988); *Terry v. Pullman*, 92 N.C. App. 687, 376 S.E.2d 47 (1987). *Boudreau* and *Terry*, as the majority points out, resolve the "significant interest" test in favor of the state of sale and distribution.

In the subject case, the brake assembly was sold, distributed and used in Arizona. It follows that the law of Arizona applies with respect to plaintiff's breach of warranty claims.