GAMMONS v. N.C. DEPT. OF HUMAN RESOURCES

[119 N.C. App. 589 (1995)]

FRED GAMMONS, Guardian ad Litem for TRAVIS GAMMONS, Plaintiff v. NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES, Defendant

No. 9410IC695

(Filed 18 July 1995)

**State § 33 (NCI4th)— county DSS as agent of State—action under Tort Claims Act—jurisdiction of Industrial Commission**

In an action under the Tort Claims Act for injuries sustained by the minor plaintiff at the hands of his stepfather, allegedly even after the county department of social services was notified that plaintiff was being abused, the Industrial Commission properly denied defendant DHR's motion to dismiss for lack of subject matter jurisdiction which was based on defendant's contention that the county DSS was not its agent with regard to providing protective services.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 184 et seq.**

Appeal by defendant from order entered 30 March 1994 by the Full Commission. Heard in the Court of Appeals 22 March 1995.

*Thomas B. Kakassy, P.A., by Thomas B. Kakassy, for plaintiff-appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General T. Lane Mallonee and Assistant Attorney General D. Sigsbee Miller, for defendant-appellant.*

WYNN, Judge.

Plaintiff brought this action against defendant, Department of Human Resources ("DHR"), under the Tort Claims Act for injuries Travis Gammons received as a result of being physically abused by his stepfather. In his affidavit, plaintiff alleges that the Cleveland County Department of Social Services ("DSS") was notified that Travis was being abused by his stepfather and did not properly investigate the matter or take any action to protect Travis from further abuse. Plaintiff contends that DSS was negligent by failing to properly investigate the reports of abuse and as a result, Travis was severely injured by his stepfather. Plaintiff argues that defendant is vicariously liable for the negligence of the Cleveland County DSS.

Defendant moved to dismiss for lack of subject matter jurisdiction and argued that the Cleveland County DSS does not act as defendant's agent with regard to providing child protective services. The deputy commissioner denied defendant's motion and defendant appealed to the Full Commission. The Full Commission also denied defendant's motion and held that this case was controlled by *Coleman v. Cooper*, 102 N.C. App. 650, 403 S.E.2d 577, *disc. review denied*, 329 N.C. 786, 408 S.E.2d 517 (1991). From this order, defendant appeals.

---

Defendant argues that the Industrial Commission erred by denying its motion to dismiss for lack of subject matter jurisdiction because the Cleveland County DSS is not its agent with regard to providing protective services. We disagree.

The Tort Claims Act provides the following in pertinent part:

The North Carolina Industrial Commission is hereby constituted a court for the purpose of hearing and passing upon tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. The Industrial Commission shall determine whether or not each individual claim arose as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or if a private person, would be liable to the claimant in accordance with the laws of North Carolina.

N.C. Gen. Stat. § 143-291(a) (1993). Under the Act, negligence, contributory negligence, proximate cause, and the doctrine of respondeat superior are determined under the same rules applicable to private litigants. *Barney v. Highway Commission*, 282 N.C. 278, 192 S.E.2d 273 (1972).

A principal is liable for the wrongful acts of its agent under the doctrine of respondeat superior when the agent's act is (1) expressly authorized by the principal; (2) committed within the scope of the agent's employment and in furtherance of the principal's business; or (3) ratified by the principal. *B. B. Walker Co. v. Burns International Security Services*, 108 N.C. App. 562, 424 S.E.2d 172, *disc. review denied*, 333 N.C. 536, 429 S.E.2d 552 (1993). A principal is not vicariously liable for the wrongful acts of the agent who is not subject to the direction and control of the principal with respect to the details of the work and is subordinate only in accomplishing a result desired

by the principal. *Vaughn v. Department of Human Resources*, 296 N.C. 683, 252 S.E.2d 792 (1979). "[A] principal's vicarious liability for the torts of his agent depends on the degree of control retained by the principal over the details of the work as it is being performed." *Vaughn*, 296 N.C. at 686, 252 S.E.2d at 795.

In *Vaughn*, the claimant brought an action under the Tort Claims Act against the DHR for negligence by the Director of Durham County DSS and his staff. The claimant asserted that the director and his staff were negligent by placing a foster child in her home who was a carrier of the cytomeglo virus when they knew the claimant was trying to become pregnant. The claimant became pregnant and was infected with the cytomegalo virus which forced her to have an abortion. *Vaughn*, 296 N.C. at 684, 252 S.E.2d at 794.

The Court found that the Social Services Commission of the DHR had established comprehensive standards for the placement of children in foster care. *Vaughn*, 296 N.C. at 687, 252 S.E.2d at 795. The Court also found that the DHR licensed foster homes and that the amount of funding the DHR would provide the county departments was determined, in part, by the quality of foster care the county provided. *Vaughn*, 296 N.C. at 688, 252 S.E.2d at 796. The Court concluded that the DHR was liable for the negligent acts of the DSS based upon the amount of control the DHR exercised over the DSS. *Vaughn*, 296 N.C. at 692, 252 S.E.2d at 798. The Court specifically limited its holding, however, to the obligation of the DSS to place children in foster homes. *Vaughn*, 296 N.C. at 692, 252 S.E.2d at 798.

In *Coleman v. Cooper*, this Court held that the Wake County DSS was an agent of DHR with respect to providing child protective services. *Coleman*, 102 N.C. App. at 658, 403 S.E.2d at 581-82. In *Coleman*, the plaintiff brought a wrongful death action in superior court against a DSS worker and the department. The trial court dismissed plaintiff's action against the DSS on the grounds that it lacked subject matter jurisdiction. *Coleman*, 102 N.C. App. at 653, 403 S.E.2d at 578. In affirming this determination, this Court held that:

> [the] Wake County [Department of Social Services] was acting as an agent of the Social Services Commission and the Department of Human Resources in its delivery of protective services to the decedents. A cause of action originating under the Tort Claims Act against Wake County [Department of Social Services] as a subordinate division of the State, *must be brought before the Industrial Commission.*

*Coleman,* 102 N.C. App. at 658, 403 S.E.2d at 581-82. (emphasis added).

In the instant case, plaintiff brought an action against the DHR for negligence allegedly committed by the director and staff of the Cleveland County DSS. Defendant argues that this Court is not bound by the *Coleman* decision because the present case is factually distinguishable and because the DHR was not a party in *Coleman.* We find, however, that *Coleman* is controlling. *See In re Civil Penalty,* 324 N.C. 373, 379 S.E.2d 30 (1989); *see also Dunn v. Pate,* 106 N.C. App. 56, 60, 415 S.E.2d 102, 104 (1992), *overruled on other grounds,* 334 N.C. 115, 431 S.E.2d 178 (1993) (The doctrine of *stare decisis* provides that the " 'determination of a point of law by a court will generally be followed by a court of the same or lower rank if a subsequent case presents the same legal problem, although different parties are involved in the subsequent case.' " (citation omitted)). To hold otherwise would deny plaintiff a remedy since *Coleman* bars an action against the DSS in superior court regarding the delivery of protective services.

Accordingly, the order of the Industrial Commission is

Affirmed.

Chief Judge ARNOLD and Judge JOHN concur.