GINGER YORK WHITAKER (RUTLEDGE), Administratrix of the Estate of JONATHAN WESLEY WHITAKER, a Minor, Plaintiff v. NC DEPARTMENT OF HUMAN RESOURCES, SOCIAL SERVICES COMMISSION, Defendant

No. COA95-164

(Filed 20 February 1996)

## State § 33 (NCI4th)— child protective services—county DSS as agent of Department of Human Resources

The trial court erred in dismissing plaintiff's claim under the Tort Claims Act on the ground that the Davie County Department of Social Services was not an agent of the Department of Human Resources in its delivery of child protective services.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 234.**

Appeal by plaintiff from Decision and Order entered 2 November 1994 by the North Carolina Industrial Commission. Heard in the Court of Appeals 13 November 1995.

WHITAKER v. N.C. DEPT. OF HUMAN RESOURCES

[121 N.C. App. 602 (1996)]

Ginger York Whitaker, Administratrix of decedent's estate, and Bruce Earl Whitaker, Sr. are the parents of Jonathan Wesley Whitaker, decedent. In June of 1990 a consent order was issued whereby plaintiff and her former husband were to share joint custody of decedent. In August of 1990 plaintiff filed a motion for modification and amended motion for show cause order alleging that Whitaker abused alcohol, causing him to have violent tendencies and that he physically abused decedent. From May of 1990 until April of 1991 plaintiff, and others on her behalf, made numerous reports to the Davie County Department of Social Services, (DSS), of child abuse, neglect and alcohol abuse by Whitaker. Decedent died in a car accident while riding in a car driven by Whitaker, who lost control of the car. A toxicology report showed that at the time of the accident Whitaker had a blood alcohol content of three and a half times the legal level of intoxication.

Plaintiff filed a claim under the Tort Claims Act against the North Carolina Department of Human Resources, (DHR), and the Social Services Commission for damages resulting from the negligence of the Davie County DSS. The plaintiff named the Director of the Davie County DSS and three of its employees. Deputy Commissioner Dillard dismissed plaintiff's complaint and granted defendant's motion for summary judgment. Plaintiff appealed to the Full Commission, who by Decision and Order upheld the Decision and Order and dismissed plaintiff's complaint. Plaintiff appeals.

*Attorney General Michael F. Easley, by Special Deputy Attorney General, Gayl M. Manthei, and Assistant Attorney General D. Sigsbee Miller, for defendants appellees.*

*Hall, Vogler & Fleming, by E. Edward Vogler, Jr. and Beverly S. Murphy, for plaintiff appellant.*

ARNOLD, Chief Judge.

Plaintiff argues that the Commission erred by granting defendant's motion for summary judgment. We agree.

In *Vaughn v. Dept. of Human Resources*, 296 N.C. 683, 252 S.E.2d 792 (1979), the North Carolina Supreme Court found an agency relationship between the DHR and the Durham County DSS and allowed the plaintiff to recover on the theory of negligence. Plaintiff brought

an action under the Tort Claims Act against the DHR for the negligence of the Director of the Durham County DSS and his staff. She asserted that the director and his staff were negligent by placing a foster child in her home who was a carrier of the cytomegalo virus when they knew the claimant was trying to become pregnant. She became pregnant and was infected with the cytomegalo virus which forced her to have an abortion. The Court concluded that the DHR was liable for the negligent acts of the DSS based upon the amount of control the DHR exercised over the DSS. *Id.* at 692, 252 S.E.2d at 798. The Court specifically limited its holding to the obligation of the DSS to place children in foster homes. *Id.*

In *Coleman v. Cooper*, 102 N.C. App. 650, 403 S.E.2d 577, *disc. review denied*, 329 N.C. 786, 408 S.E.2d 517 (1991), plaintiff brought a wrongful death action in superior court against the Wake County DSS and a DSS worker. This Court held that the Wake County DSS was an agent of the DHR when providing child protective services. This holding was based on a number of factors. First, N.C. Gen. Stat. § 108A-1 (1994) requires that "[e]very county shall have a board of social services which shall establish county policies for the programs established by this Chapter in conformity with the rules and regulations of the Social Services Commission and under the supervision of the Department of Human Resources." Secondly, N.C. Gen. Stat. § 108A-14(5) (1994) provides that the director of social services shall "act as agent of the Social Services Commission and Department of Human Resources in relation to work required by the Social Services Commission and Department of Human Resources in the county[.]" N.C. Gen. Stat. § 108A-14(11) (1994) provides that the director of social services shall "investigate reports of child abuse and neglect and to take the appropriate action to protect such children pursuant to the Child Abuse Reporting Law, Article 44 of Chapter 7A[.]" "The Director of the Department of Social Services shall submit a report of alleged abuse or neglect to the central registry under the policies adopted by the Social Services Commission." N.C. Gen. Stat. § 7A-548 (1993). The trial court dismissed the action on the grounds that it lacked subject matter jurisdiction. Coleman, 102 N.C. App. at 653, 403 S.E.2d at 580. In affirming this determination, this Court held that:

> [the] Wake County [Department of Social Services] was acting as an agent of the Social Services Commission and the Department of Human Resources in its delivery of protective services to the decedents. A cause of action originating under the Tort Claims Act against Wake County [Department of Social Services] as a

subordinate division of the State, must be brought before the Industrial Commission.

*Id.* at 658, 403 S.E.2d at 581-582.

In *Gammons v. Department of Human Res.*, 119 N.C.App. 589, 459 S.E.2d 295, *disc. review allowed*, 342 N.C. 191, 463 S.E.2d 235 (1995), plaintiff brought an action against the DHR for negligence allegedly committed by the director and staff of the Cleveland County DSS. Plaintiff alleged that the Cleveland County DSS was aware that plaintiff was being physically abused by his stepfather, and negligently failed to investigate the claims regarding the physical abuse. This Court found *Coleman* to be the controlling law, and held that despite the fact that the DHR was not a party to the action in the Coleman case, the Cleveland County DSS was acting as the agent of the DHR in delivering child protective services. *Id.*, at 592, 459 S.E.2d at 297.

Appellate review of the Industrial Commission is limited to a determination of whether the findings of the Commission are supported by the evidence and whether the findings in turn support the legal conclusions of the Commission. *Radica v. Carolina Mills*, 113 N.C. App. 440, 446, 439 S.E.2d 185, 189 (1994). However, if the findings are predicated on an erroneous view of the law or a misapplication of the law, they are not conclusive on appeal. *Bailey v. Dept. of Mental Health*, 272 N.C. 680, 159 S.E.2d 28 (1968) (remand required to consider evidence in its true legal light).

The Commission granted defendant's motion for summary judgment on the grounds that no issue of material fact existed as to the existence of an agency relationship between the DHR and the Davie County DSS. The Commission concluded:

If the Davie County Department of Social Services is an agent of the North Carolina Department of Human Resources, then pursuant to the holding by the North Carolina Court of Appeals in *Coleman v. Cooper*, 89 N.C. App. 188, a violation of the provisions of N.C.G.S. 7A-544 by a Department of Social Services would give rise to an action for negligence. . . . No such meaning, will be read into the statute, even though the North Carolina [Court of Appeals] stated in *Coleman v. Cooper*, that in the delivery of child protective services, the Wake County Department of Social Services was acting as agent of the Department of Human Resources and the Social Services Commission.

DEPT. OF TRANSPORTATION v. BOLLINGER

[121 N.C. App. 606 (1996)]

The facts in the instant case are not distinguishable from those in Coleman or Gammons. Plaintiff has alleged that, (1) she and others on her behalf made reports to the Davie County DSS regarding Whitaker's alcohol abuse, and his tendency to drive while intoxicated with decedent as a passenger in his car; (2) the Davie County DSS had a duty to investigate these reports of child abuse, and they were negligent by failing to properly investigate and take action regarding the reports; (3) the Davie County DSS was acting as an agent of the DHR and; (4) the negligence of the Davie County DSS was a proximate cause of the death of decedent. Plaintiff's forecast of evidence is sufficient to satisfy the burden of meeting the essential elements of her claim. The Commission misapplied the law by concluding that in light of this Court's holdings in *Coleman* and *Gammons*, the Davie County DSS was not an agent of the DHR in its delivery of child protective services. Therefore, the Commission erroneously granted defendant's motion for summary judgment.

Reversed.

Judges EAGLES and MARTIN, John C., concur.